1   Charles P. Maher, State Bar No. 124748
    RINCON LAW, LLP
2   268 Bush Street, Suite 3335
    San Francisco, California 94104
3   Telephone No.: 415-840-4199
    Facsimile No.: 415-680-1712
4   Email: cmaher@rinconlawllp.com
5
    Counsel for Appellee SVC, Reorganized Debtor
6
7

8                   UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  STEPHEN A. FINN and                 Case No. 3:20-cv-03132-WHO
    WINERY REHABILITATION, LLC,         Hon. William H. Orrick
12
13          Appellants,                 Appeal from USBC Case No.
                                        17-10065-RLE
14  v.

15  SVC,

16          Appellee.

17

18              **APPELLEE'S ANSWERING BRIEF**

19

20

21

22

23

24

25

26

27

28

# CORPORATE DISCLOSURE STATEMENT
## (Rule 8012)

There is no parent corporation or publicly-traded corporation that owns ten percent or more of the shares in SVC.

# TABLE OF CONTENTS

I.    STANDARD OF REVIEW ................................................................................ 1

II.   STATEMENT OF ISSUES.............................................................................. 1

III.  REFERENCES TO THE RECORD ................................................................ 2

IV.  STATEMENT OF THE CASE ....................................................................... 2

V.    SUMMARY OF ARGUMENT ....................................................................... 6

VI.  ARGUMENT .................................................................................................. 6

    A.    Admission of Parol Evidence is Not Necessary Because the Terms of the Settlement Agreement Are Clear ............................................................................. 8

    B.    Admission of Parol Evidence Does Not Change the Result............................................ 13

VII.  THE COMPROMISE ORDER ..................................................................... 15

VIII. THE INDEMNIFICATION AGREEMENT ................................................. 15

IX.  CONCLUSION .............................................................................................. 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Cases**

*Bank of the West v. Superior Court*,

    2 Cal.4th 1254, 10 Cal. Rptr. 2nd 538, 833 P. 2d 545, 552 (1992) ............................................... 8

*Cione v. Foresters Serv. Inc.*,

    58 Cal.App.4th 625, 637-38, 68 Cal.Rptr.2d 167, 174 (4th Dist. 1977) ....................................... 9

*Hobson v. Mut. Ben. Health & Acc. Ass'n*,

    99 Cal. App. 2d 330, 335 (1950) ............................................................................................... 11

*In re Bennett*,

    298 F 3d. 1059, 1064 (9th Cir. 2002) ...................................................................................... 8, 9

*Mendler v. Winterland Prod., Ltd.*,

    207 F 3d. 1119, 1121 (9th Cir. 2000) .......................................................................................... 1

*Shaw v. Regents of Univ. of Cal.*,

    58 Cal.App.4th 44, 67 Cal.Rptr.2nd 850, 856 (1997) ................................................................. 8

*Siegel v. Fed. Home Loan Mortg. Corp.*,

    143 F. 3d 525 (9th Cir. 1998) ................................................................................................... 10

**Statutes**

California Insurance Code ............................................................................................................... 12

California Civil Code Section 1625 ................................................................................................. 8

California Civil Code Section 1638 ................................................................................................. 8

California Civil Code Section 1641 ................................................................................................. 8

California Civil Code Section 1859 ............................................................................................... 11

Reorganized Debtor SVC, as successor-in-interest to Timothy W. Hoffman, Chapter 11 Trustee of the estate of SVC in bankruptcy case 17-10065 RLE, files this brief in answer to the opening brief of Stephen A. Finn and Winery Rehabilitation, LLC, on their appeal of the Bankruptcy Court order disallowing their claims in the SVC bankruptcy case.

## I.      STANDARD OF REVIEW

The Bankruptcy Court order disallowing the claims of Mr. Finn and Winery Rehabilitation was based on the interpretation of a contract.  Contract interpretation is a question of law that is reviewed *de novo*.  *Mendler v. Winterland Prod., Ltd.*, 207 F 3d. 1119, 1121 (9th Cir. 2000).

## II.      STATEMENT OF ISSUES

1.      Did the Bankruptcy Court err in its interpretation of a settlement agreement when it determined that Mr. Finn and Winery Rehabilitation had waived attorney fees and costs in connection with the specific litigation matters identified in paragraph 6 of the settlement agreement?

2.      Did the Bankruptcy Court err in its determination that the bases for the proofs of claim of Mr. Finn and Winery Rehabilitation, LLC, in SVP's bankruptcy case were the same attorney fees and costs waived in paragraph 6 of the settlement agreement?

3.      Did the Bankruptcy Court err in its determination that a previous indemnification agreement did not neutralize the fee waiver provision in the settlement agreement?

## III.  REFERENCES TO THE RECORD

Mr. Finn and Winery Rehabilitation have submitted an appendix with most of the documents necessary for disposition of the appeal. Their appendix is abbreviated and referred to as "AA." As Appellee, SVC is submitting an appendix with a few additional documents from the record.  To avoid confusion, SVC will refer to its appendix as the "Excerpts of Record," abbreviated as "ER."

## IV.  STATEMENT OF THE CASE

SVC is generally satisfied with the description of events in the Statement of Facts presented by the Appellants. Some additions and clarifications are necessary.

The claim objection identified in subsection C. of the Appellants' Statement of Facts was filed by Ross Sullivan and Kelleen Sullivan on behalf of themselves, not on behalf of the bankruptcy estates of SVC and SVP.  AA, Exhibit I.

In subsection D. of the Statement of Facts, the Appellants describe the "Adversary Proceeding" which SVC and SVP brought in 2017 against Stephen A. Finn and Angelica De Vere, a former officer of SVC, and the "District Court Action" filed by Ross Sullivan and Kelleen Sullivan in this Court against Mr. Finn and Trust Company of America.  Winery Rehabilitation was not named as a party in the Adversary Proceeding or the District Court Action. AA, Exhibit G; Exhibit I, 23-54.

The statement or suggestion of the Appellants in Section G. of the Statement of Facts that the claim objection was based only on the Bankruptcy Court's compromise order is not consistent with the record.  The objection was based on the terms of the settlement agreement which was approved by an order.

Winery Rehabilitation and Mr. Finn filed identical claims in the SVC and SVP cases with the exception of Mr. Finn's Claim 14-4 filed in the SVC bankruptcy case after the claim objection

was filed. ER, 001-007; 008-014. In Claim 14-4, Mr. Finn asserts the same legal and factual bases as in Claims 14-1, 14-2, and 14-3, but increased the amount of damages sought. AA, Exhibit F.

In April 2017, Winery Rehabilitation filed Claim No. 12. It filed an amended claim (Claim 12-2) on September 11, 2018. AA, Exhibit B. The following provisions appear in Claim 12-2:

> 8.     Pursuant to the terms of the Loan Agreement, Winery Rehab is entitled to reimbursement of attorneys' fees and expenses in connection with claims asserted against Winery Rehab arising from or related to the Loan Agreement. Satisfaction of the principal obligation under the Loan Agreement does not extinguish the agreement's contractual attorneys' fee provision. See Siegel v. Fed. Home Loan Mortg. Corp., 143 F. 3d 525, 528-29 (9th Cir. 1998).

> 9.     For attorneys' fees and expenses in connection with defense against the Adversary Proceeding, the District Court Action and the Claim Objection, Winery Rehab hereby asserts an unpaid claim of no less than $247,970.82 as of August 31, 2018, and a contingent claim for additional amounts that may be incurred.

AA, Exhibit B, 6: 7-15.

The sale of assets of SVC and SVP resulted in payment to Winery Rehabilitation of roughly $12 million which included principal, interest, fees and expenses. ER, 270:20-24.

In April 2017, Mr. Finn filed Claim 14. He filed an amended claim (Claim 14-3) on September 11, 2018. AA, Exhibit E. The following provisions appear in Claim 14-3:

> 8.     Pursuant to the terms of the Grid Note, Mr. Finn is entitled to reimbursement of attorneys' fees and expenses in connection with the claims asserted against him arising from or relating to the Grid Note.

> 9.     Pursuant to the terms of the SVC By-Laws and the Indemnification Agreement, Mr. Finn is entitled to indemnification by SVC . . . by reason of his service as a director, officer, employee, agent, member, or fiduciary of SVC or Sullivan Vineyards Partnership. *See, Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F 3d. 525, 528-29 (9th Cir. 1998).

> 10.    For attorneys' fees and expenses in connection with defense against the Adversary Proceeding, the District Court Action, and the Claim Objection, Mr. Finn asserts an unpaid claim of no less than $516,097.44 as of August 31, 2018, and a contingent claim for additional amounts that may be incurred.

AA, Exhibit E, 6: 7-16.

The sale of assets of SVC and SVP resulted in payment to Mr. Finn of roughly $5.5 million which included $4.65 million owed as of the bankruptcy petition date and interest and fees and costs. ER, 271:19 – 272:4.

The successor trustee in the SVP case, Andrea A. Wirum, filed an objection to the identical claims of Winery Rehabilitation and Stephen Finn in the SVP case on November 27, 2019 (i.e., Claims 11-2 and 13-3). ER, 015-026. Mr. Finn and Winery Rehabilitation opposed the claim objection in pleadings filed on January 13, 2020. ER, 027-142. Ms. Wirum filed documents in reply on January 20, 2020. ER,143-253. The Bankruptcy Court heard the objection on January 31, 2020, and issued its ruling from the bench. The transcript of the hearing on the claim objections in the SVP case is included in the Excerpt of Record. ER, 254-287.

The Bankruptcy Court issued an order sustaining Ms. Wirum's objections and disallowing the claims of Mr. Finn and Winery Rehabilitation on January 31, 2020. ER, 288-290. The order in the SVP case is on appeal in District Court Case No. 3:20-cv-01475-WHO.

At the April 15, 2020, hearing on the claim objections in the SVC case, the Bankruptcy Court incorporated by reference its findings and conclusions in the SVP case on January 31, 2020. AA, Exhibit Y, 9: 20-23.

The Bankruptcy Court's rulings in the two bankruptcy cases were based on interpretation of the same settlement agreement. A copy of the unsigned agreement is included in Exhibit N to the Appellants' Appendix at pages 20-28. The settlement agreement contains the following provisions in the "recital" section of the document:

> P.      On March 6, 2018, Finn amended Claim Nos. 13 and 14 to assert further secured claims for attorneys' fees in the amount of $200,000.00. On September 11, 2018, Finn amended Claim Nos. 13 and 14 a second time to assert secured claims for attorneys' fees in the amount of $516,097.44 and to assert general unsecured claims for indemnification in an unliquidated amount.
>
> Q.      On September 11, 2018, WR amended Claim Nos. 11 and 12 to assert further secured claims for attorneys' fees in the amount of $247,970.82.

AA, Exhibit N, page 21.

The settlement agreement contains the following provisions in the "agreement" section of the document:

> 2.      . . . Neither the Finn Party Claims nor the SVP Intercompany Claim are being liquidated or otherwise resolved by this Agreement. Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Party Claims and the SVP Intercompany Claim.
>
> . . .
>
> 6.      Costs and Expenses of Settlement. The Settling Creditors and the Trustee shall bear all their own costs, expenses and attorneys' fees incurred in connection with the Napa County Action, Adversary Proceeding, District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement.
>
> . . .
>
> 10.(b)  [The parties to the Agreement] have investigated the facts to the extent that they have deemed necessary in their sole discretion and have assumed any risk of mistake of fact and any facts proven to be other than or different from the facts now known to any of the parties and therefore intend this Agreement to be binding without regard to any mistake of fact or law relating to the subject matter of this Agreement.
>
> . . .
>
> 11.      Integration. This Agreement contains the entire agreement between the Settling Creditors and the Trustee regarding its subject matter. This Agreement cannot be modified or amended, except in writing executed by the party to be charged. Except as expressly set forth herein, there have been no representations or promises made by any party and relied upon by the other in entering into this Agreement.

AA, Exhibit N, pages 22 and 24.

The Bankruptcy Court concluded that Mr. Finn and Winery Rehabilitation had waived the attorney fees and expenses on which their proofs of claim were based, and disallowed the claims.

# V.  SUMMARY OF ARGUMENT

SVC contends that the language of the settlement agreement is clear and unambiguous.  In executing the settlement agreement, Mr. Finn and Winery Rehabilitation agreed to bear their own attorney fees and costs in connection with the litigation specifically identified in the fee waiver provision: the "Napa County Action," the "Adversary Proceeding," the "District Court Action," and the "Bankruptcy Cases" of SVC and related entity SVP.

SVC contends that the bases of the proofs of claim filed by Mr. Finn and Winery Rehabilitation are the same attorney fees and expenses they agreed to bear when they executed the settlement agreement.

SVC contends that the indemnification agreement did not neutralize the subsequent waiver of fees and expenses in the settlement agreement and that the waiver is enforceable.

Finally, SVC contends that the Bankruptcy Court order authorizing the settlement agreement did not add to or take away from the terms in the settlement agreement and did not approve Mr. Finn's and Winery Rehabilitation's claims.

# VI.  ARGUMENT

The Winery Rehabilitation claim is based on the attorney fee provision in loan documents. AA, Exhibit B.  In paragraph 9 of its proof of claim quoted above, Winery Rehabilitation asserts that it is entitled to recover attorney fees and costs "in connection with defense against the Adversary Proceeding, District Court Action and Claim Objection." AA, Exhibit B, 6: 12-15. Winery Rehabilitation was not a party to the Adversary Proceeding or the District Court Action and incurred no recoverable expense in connection with them.  If the District Court determines that the fee waiver provision is not effective as the Appellants contend, Winery Rehabilitation's entitlement to attorney fees and expenses would be limited to fees and expenses associated with the Claim Objection and

only if it finds that SVC is responsible for a Claim Objection neither it nor the SVC Trustee filed or prosecuted. SVC was not responsible for those fees and expenses.

Mr. Finn's claim is based on (a) an attorney fee provision in loan documents and (b) an indemnification agreement. Mr. Finn seeks attorney fees and expenses incurred in connection with defense against the Adversary Proceeding, District Court Action, and the Claim Objection.  AA, Exhibit E, 7:13-16.; Exhibit F, 8:12-15.

The opening paragraph of the Appellants' argument (Appellants' Brief, 7:19-21) incorrectly states that the SVC Trustee's objection "asserted that the Secured Creditors waived their claims for attorney fees and expenses, with the exception of those fees incurred in the Adversary Proceeding." There was no such exception in the objection. The SVC Trustee contended that Mr. Finn and Winery Rehabilitation waived all fees and expenses in the identified litigation matters. The SVC Trustee further contended that, if the Bankruptcy Court determined that the settlement agreement did not effectuate an attorney fee waiver, a recovery for Mr. Finn would be limited to fees and expenses incurred in the Adversary Proceeding only. The Bankruptcy Court did not reach that issue because it determined that Mr. Finn and Winery Rehabilitation had waived attorney fees and expenses in the identified matters when they signed the settlement agreement.

The Appellants' discussion of California law on contract interpretation is incomplete and inaccurate. As they did in the Bankruptcy Court, the Appellants ignore the parol evidence rule and the burden they must meet to have the Court consider parol evidence; they liberally make reference to documents outside the contract itself to "establish" the mutual intent of the parties to the settlement agreement without showing that it is necessary to consider that evidence to interpret the contract. It is not necessary to review parol evidence to determine the intent of the parties because the objective intent is apparent from the unambiguous language of the agreement.

Despite the Appellants' failure to address the parol evidence rule, the Bankruptcy Court indicated on the record that it had considered the parol evidence offered by the Appellants in the SVP case even though it was not necessary to do so because the terms of the settlement agreement were not ambiguous. The Bankruptcy Court's findings and conclusions in the SVP case are

incorporated in the findings and conclusions in the SVC case. AA, Exhibit Y, 9: 20-23; ER, 278-279.

## A. Admission of Parol Evidence is Not Necessary Because the Terms of the Settlement Agreement Are Clear

Section 1638 of the California Civil Code provides that "the language of the contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Civil Code Section 1639 provides that "when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this title. Civil Code Section 1641 provides that "if possible, a contract is interpreted to give meaning to all of its provisions." Civil Code Section 1625 provides that "[t]he execution of a contract in writing, whether the law requires it to be written or not, supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the agreement."

Under California law, the interpretation of a contract is a question of law. *In re Bennett,* 298 F 3d. 1059, 1064 (9th Cir. 2002). "The fundamental goal of contract[] interpretation is to give effect to the mutual intention of the parties. If contractual language is clear and explicit, it governs." *Id.,* citing *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 10 Cal. Rptr. 2nd 538, 833 P. 2d 545, 552 (1992).

"Although the intent of the parties determines the meaning of the contract ([Cal.] Civ. Code, §§ 1636, 1638), the relevant intent is 'objective' – that is, the objective intent as evidenced by the words of the instrument, not a party's subjective intent." *Id.* citing *Shaw v. Regents of Univ. of Cal.*, 58 Cal.App.4th 44, 67 Cal.Rptr.2nd 850, 856 (1997).

> In interpreting the contract, a court must consider two questions: (1) whether the writing was intended to be the complete and final expression of the parties' intent and (2) whether the agreement is susceptible to the meaning given to it by the parties. *See Brinderson-Newberg Joint Venture v. Pac Erectors*, 971 F 2d. 272, 276-77 (9th Cir. 1992); *Banco Do Brasil, S.A. v. Latian, Inc.*, 234 Cal.App.3rd 973, 285 Cal.Rptr. 870, 885 (1991). In this case, the parties agree that the

Settlement Agreement was fully integrated. As such, parol evidence concerning the terms not specifically included in the written agreement is generally not permitted. (*Banco do Brasil*, 285 Cal.Rptr. at 885) ("where the parties to a contract have set forth the terms of their agreement in a writing which they intend as the final and complete expression of their understanding, it is deemed integrated and may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.") (citing Cal. Code of Civ. Proc. § 1856; 2 Witkin, Cal. Evidence (3rd ed. 1986) § 967, pp. 915-916).

However, the parol evidence rule does not bar extrinsic evidence to interpret the meaning of express terms. *See Brinderson-Newberg,* 971 F 2d. at 277 (citing *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d. 33, 69 Cal. Rptr. 561 (1968)). In order to prevent the rule from being eviscerated by the exception, the contract must be ambiguous and reasonably susceptible to the proffered meaning before parol evidence is permitted. *See Id.*
"Whether the written contract is reasonably susceptible of a proffered meaning is a matter of law that is reviewed *de novo. Id.* (citation omitted)

*In re Bennett,* 298 F 3d. at 1064.

Once a writing is completely integrated, it represents the contract of the parties. *Cione v. Foresters Serv. Inc.*, 58 Cal.App.4th 625, 637-38, 68 Cal.Rptr.2d 167, 174 (4th Dist. 1977). The settlement agreement executed by Mr. Finn and Winery Rehabilitation includes an integration clause.

> 11. <u>Integration</u>. This Agreement contains the entire agreement between the Settling Creditors and the Trustee regarding its subject matter. This Agreement cannot be modified or amended, except in a writing executed by the party to be charged. Except as expressly set forth herein, there have been no representations or promises made by any party and relied upon by the other in entering into this Agreement

Because the Settlement Agreement contains an integration clause, parol evidence may not be considered unless it is necessary to interpret ambiguous express terms in the agreement. There is nothing ambiguous about the express terms in paragraph 6 of the agreement. Paragraph 6 states that the parties agreed to bear their own costs, expenses, and attorneys' fees in connection with four defined matters: the "Napa County Action," the "Adversary Proceeding," the "District Court

Action," the "Bankruptcy Cases," and the cost of negotiating and obtaining approval of the settlement agreement itself.

Recital paragraphs P and Q of the settlement agreement [AA, Exhibit N, page 22] describe the bases of Mr. Finn's and Winery Rehabilitation's proofs of claim for attorney fees. These recital paragraphs are consistent with the proofs of claim and with paragraph 6 of the settlement agreement.

Paragraph 2 of the settlement agreement provides that the Finn and Winery Rehabilitation claims are not "being liquidated or resolved by the [settlement] Agreement" and that "[e]xcept as set forth in this [settlement] Agreement, the Parties reserve all rights as to the Finn Party claims . . . ." (emphasis added).  The Bankruptcy Court order contained similar reservation of rights language; during the January 31, 2020, hearing in the SVP case, the Bankruptcy Court rejected the attempt by counsel for the Appellants to characterize the compromise order as having allowed the Appellants' claims. The Bankruptcy Court stated that the order did not add to or take away from what the parties had included in the settlement agreement. ER, 269. The statements are incorporated in the Bankruptcy Court's later findings in sustaining the Appellants' claims in the SVC case. AA, Exhibit Y, 9: 20-23.

A reasonable reading of paragraph 2 with paragraphs P and Q of the recitals is that Mr. Finn retained the right to assert an indemnification claim against SVC but not for the attorney fees and costs in the four matters identified in paragraph 6, and that Winery Rehabilitation was reserving any claim it might have under a case called *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F. 3d 525 (9th Cir. 1998) for attorney fees and costs arising from some matter other than the four specified matters (i.e., the "Napa County Action," "Adversary Proceeding," "District Court Action," and the "Bankruptcy Cases").  ER, 190.

The pertinent part of paragraph 2 and the all of paragraph 6 read as follows:

> 2.  Neither the Finn Party Claims nor the SVP Intercompany Claim are being liquidated or otherwise resolved by this Agreement.  Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Party Claims and the SVP Intercompany Claim.

> 6. The Settling Creditors and the Trustee shall bear all their own costs, expenses and attorneys' fees incurred in connection with the Napa County Action, Adversary Proceeding, District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement.

The language of paragraph 6 matches the language in Claim 14-3 (and Claim 14-4) filed by Mr. Finn (paragraphs 8 – 10) and Claim 12-2 filed by Winery Rehabilitation (paragraphs 8, 9).

The intent of the parties is clear from the unambiguous language of paragraph 6. Nevertheless, Mr. Finn and Winery Rehabilitation argue that the language of paragraph 2 is more specific than the language of paragraph 6 and that, under Section 1859 of the California Civil Code, paragraph 2 should be given effect and paragraph 6 disregarded. That is not a reasonable reading of the two paragraphs. The language of paragraph 6 is quite specific; it identifies specific pieces of litigation defined in the settlement agreement and in the proofs of claim and refers to "the Bankruptcy Cases" in which the Mr. Finn and Winery Rehabilitation filed the claims to which the Ross Sullivan and Kelleen Sullivan objected. The greater specificity should not matter, however, because the two paragraphs are compatible with one another given the "except as set forth in this Agreement" language in paragraph 2; both paragraphs can be given effect, and the Bankruptcy Court did so.

Paragraphs 2 and 6 are not "repugnant" provisions as the Appellants argue. The Appellants cite *Hobson v. Mut. Ben. Health & Acc. Ass'n*, 99 Cal. App. 2d 330, 335 (1950), for the proposition that, when two clauses of an agreement are "repugnant," the first shall be accepted and the latter rejected. Winery Rehabilitation and Mr. Finn do not explain that the *Hobson* case involved an insurance policy written by an insurance company which the insured was required to accept as written. It was an adhesion contract. The insurance company issued a "lifetime income protection policy" to Mr. Hobson. In an early provision of the document the insurer agreed that Mr. Hobson would receive $100 per month if he became injured. Later in the policy, another provision reduced

the $100 monthly benefit by $10 each year (the "Reduction Provision"). Mr. Hobson suffered an injury and, when he reached a certain age, the monthly payment decreased.

The Court of Appeal found that the "reduction provision" was "repugnant" to the California Insurance Code. "In construing an insurance policy it must be borne in mind that where two constructions are reasonable, that which is more favorable to the insured should be adopted." 99 Cal. App. 2d at 333. "That clause 'which affords the most protection to the insured will control and be given effect.' [citation omitted]" *Id.* at 335. "[A] proviso which is utterly repugnant to the body of the contract and irreconcilable with it will be rejected; likewise, a subsequent clause irreconcilable with the former clause and repugnant to the general purpose and intent of the contract will be set aside." *Id.*

> Policies are contracts, elaborately and shrewdly prepared in advance by calculating and astute experts. They are tendered, ready-made, to and accepted out of hand by plain people, the uninformed and unlearned, the unwary and confiding. Insurance policies swarm with intricate technical provisions, stipulations, exceptions, conditions, provisos, limitations, hedging liability about and looking to its avoidance. It is not singular then that courts incline to pit judicial astuteness against the astuteness of the policy-maker, the latter planting forfeitures in ambush or open, and the former striving to avoid them.

*Id.* at 336.

Interpretation of an adhesion contract issued in the insurance context is not comparable to a settlement agreement negotiated by three very sophisticated clients represented by two pre-eminent law firms. Winery Rehabilitation and Mr. Finn have not demonstrated that paragraph 6 is inconsistent with the general purpose and intent of the settlement agreement or with paragraph 2.

For Mr. Finn, paragraph P of the recitals in the settlement agreement distinguishes between attorney fees and indemnification. For Winery Rehabilitation, paragraph Q identifies only attorney fees. Paragraph 6 of the agreement identifies and disposes of attorney fees and costs in three specific lawsuits and the two specific bankruptcy cases. The two proofs of claim are based specifically on the same attorney fees and costs. Nothing is left of Winery Rehabilitation's claim; Mr. Finn was left with his indemnification argument, which does not work as shown in Section VIII below.

The language of the written, integrated settlement agreement is clear and the intent of the parties can be drawn from it. Paragraphs 2 and 6 are compatible. Neither Mr. Finn nor Winery Rehabilitation has a claim for any attorney fees or costs relating to the Napa County Action, the Adversary Proceeding, the District Court Action, or the Bankruptcy Cases.

**B.     Admission of Parol Evidence Does Not Change the Result**

If the Court finds that terms in the settlement agreement are ambiguous and believes it needs to review the parol evidence offered by the Appellants, SVC believes the result is still the same: disallowance of both proofs of claim in the SVC case.

Mr. Finn and Winery Rehabilitation refer to (a) an excerpt from a hearing transcript, (b) a line from the notice of compromise, and (c) several lines from a status conference statement. None of this parol evidence contains a reference to preservation of attorney fee claims.

At the May 8, 2019, hearing, counsel for the original trustee made reference to the remaining claims as claims based on indemnity:

> Mr. Oliner:     The – Mr. Warden's clients' claims, remaining claims,
> the so-called indemnity claims, to which Mr. Fiero has
> objected, and I think that's either tabled or in the ether
> somewhere, are not being liquidated, and so whatever
> – any basis to object to them survives today.

AA, Exhibit Q, 3: 7 -11.

Mr. Oliner did not mention attorney fees. The transcript reflects that counsel for Mr. Finn and Winery Rehabilitation did not take issue with Mr. Oliner's statement at the hearing.

In the status conference statement, Mr. Oliner wrote the following lines:

> In light of the still pending litigation in the District Court between Mr.
> Stephen Finn and Winery Rehabilitation, on the one hand, and the
> Sullivans, on the other hand, it does not appear possible to liquidate
> the claims held by Mr. Finn and Winery Rehabilitation until that
> litigation is resolved.

AA, Exhibit O, 2:21-24.

There is no mention of attorney fee claims in the status conference statement.  Furthermore, the reference to Winery Rehabilitation is an error.  Winery Rehabilitation is not a party in the District Court Action, and cannot have an attorney fee claim based on it.

The January 31, 2019, notice of compromise, which was signed and filed three months before Mr. Finn, Winery Rehabilitation, and the Chapter 11 trustee signed the settlement agreement, states only the following at lines 9-10 of page 3: "However, the Finn claims are not being liquidated or otherwise resolved and settled as part of the compromise."  There is no reference to attorney fee claims.

The Chapter 11 trustee's objection to the Finn and Winery Rehabilitation claims was compatible with the settlement agreement and with his prior positions.  The phrase in paragraph 2 that Mr. Finn and Winery Rehabilitation ignore is highlighted in the following passage: "Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Claims and the SVP Intercompany Claim."  The exception "set forth in this Agreement is the waiver of attorney fees and costs in paragraph 6, and "all rights" reserved include the Chapter 11 Trustee's right to object to the proofs of claim.

Paragraph 6 of the settlement agreement obligated Mr. Finn and Winery Rehabilitation and the other parties to bear their own "costs, expenses, and attorneys' fees" in connection with the Adversary Proceeding, District Court Action, and Bankruptcy Cases, and negotiation and approval of the settlement agreement. Therefore, "costs, expenses and attorneys' fees" were eliminated from any claim either Mr. Finn or Winery Rehabilitation might have against SVC, leaving other elements of the claims, if any, for objection or allowance at a later date. That date arrived when the two trustees filed the claim objections.

A finding that Mr. Finn's and Winery Rehabilitation's claims for attorney fees and costs survive paragraph 6 would render paragraph 6 meaningless.  There is no legal justification for doing so.  Mr. Finn and Winery Rehabilitation waived their claims for attorney fees and costs.  Mr. Finn and Winery Rehabilitation have not demonstrated that there is any other debt for which SVC is

liable.  The indemnity argument is limited to Mr. Finn's claim in the SVC case, and is addressed in Section VIII.

Even with the admission of the parol evidence Mr. Finn and Winery Rehabilitation have offered, the defense of their claims fails and the Bankruptcy Court order should be affirmed.

## VII.   THE COMPROMISE ORDER

The compromise order did not "preserve" the claims of Mr. Finn and Winery Rehabilitation. The order neither "allowed" nor "disallowed" the proofs of claim.  As the Bankruptcy Court stated on January 31, 2020, "[t]he order I entered with the language in it simply approves the terms and conditions of the Settlement Agreement." ER, 269.  "It doesn't add to or take away from anything from that agreement."  ER, 269.

The pertinent sentence from paragraph 9 of the compromise order reads as follows: "Consistent with paragraph 2 of the Settlement Agreement, nothing in this order allows or disallows any claims filed by Winery Rehabilitation, LLC, or Stephen A. Finn, including but not limited to Claim Nos. 11.12.13.and 14 (collectively the Finn Party Claims)."  The order did not add to or take away from the settlement agreement itself, which reserved the rights of the Chapter 11 Trustee to object to the claims ("the Parties reserve all rights as to the Finn Party Claims"). Winery Rehabilitation and Mr. Finn retained their claims whatever they were and the trustee reserved his right to object to them. The compromise order does not give the proofs of claim the blessing the Appellants argue it does.

## VIII.   THE INDEMNIFICATION AGREEMENT

Mr. Finn refers to the indemnification agreement signed in 2012 as the instrument that preserves his claim for attorney fees and costs despite the express waiver in the settlement

agreement. The scope of the indemnification agreement is broad, but the scope of Mr. Finn's proof of claim is narrow. The proof of claim is limited to "attorneys' fees and expenses in connection with defense against the Adversary Proceeding, District Court Action, and the Claim Objection."  In paragraph 6 of the settlement agreement, Mr. Finn agreed to "bear all [his] own costs, expenses and attorneys' fees in connection with the Napa County Action, Adversary Proceeding, District Court Action, and the Bankruptcy Cases. . . ."

Mr. Finn argues that the 2012 indemnification agreement neutralized or made impossible any subsequent waiver of rights, but he does not explain how that could be. He agreed to bear his own attorney fees and costs in the specific litigation matters when he executed the settlement agreement. The indemnification agreement did not permit him to take back what he later gave as consideration in paragraph 6 of the settlement agreement.

If there is other debt that Mr. Finn believes is covered by the indemnification agreement, he did not include it in his proof of claim. The only debts he identified in his proof of claim are the attorney fees and costs in the specified litigation matters.

> 12. Mr. Finn reserves his right to increase the amount of his claim as developments in the Adversary Proceeding and District Court Action and in connection with the Claim Objection, warrant, and to further amend and/or supplement this claim at any time and in any manner and/or to make additional submissions for any additional claims which may be based on the same or additional documents or grounds of liability.

AA-Exhibit E, 6:23-7:2.

Nothing in the indemnification agreement saves the attorney fees and expenses in the matters specified in paragraph 12 of the proof of claim file on September 11, 2018. Mr. Finn's claim for attorney fees and expenses was waived in paragraph 6 of the settlement agreement signed eight months later.

The Bankruptcy Court properly rejected Mr. Finn's argument that the indemnification agreement preserved attorney fees and expenses from a subsequent and express waiver.

## IX.    CONCLUSION

The settlement agreement and the compromise order provide that the status quo is maintained with respect to Mr. Finn's and Winery Rehabilitation's claims.    The settlement agreement expressly stated that the claims were not "being liquidated or otherwise resolved by this Agreement," and the compromise order provides that "nothing in this order allows or disallows any claims filed by Winery Rehabilitation, LLC or Stephen A. Finn."  The statement or implication of the Appellants that these documents actually blessed those two claims is not supported by the record.

The SVC Trustee's objection was not inconsistent with the settlement agreement or compromise order.  A reasonable reading of paragraph 6 of the settlement agreement and paragraphs 8 and 9 of the Winery Rehabilitation proof of claim and paragraphs 8, 9, and 10 or Mr. Finn's proof of claim shows that the language matches very closely and that paragraph 6 resulted in a waiver of the basis of each proof of claim.

The Bankruptcy Court reached the correct conclusion based on its examination of the record and the argument proffered by the SVC Trustee and the Appellants.  SVC believes the District Court should reach the same conclusion on the same record and affirm the Bankruptcy Court's order.

DATED:    July 9, 2020                      RINCON LAW, LLP


By:    _/s/Charles P. Maher_
           Charles P. Maher,
           Counsel for SVC, Reorganized Debtor

# CERTIFICATE OF COMPLIANCE WITH RULE 8015(h)

The undersigned hereby certifies that its Answering Brief complies with the type-volume limitation set forth in Rule 8015(7) of the Federal Rules of Bankruptcy Procedure and includes less than 15,300 words.

*/s/Charles P. Maher*
Charles P. Maher,
Counsel for SVC, Reorganized Debtor